**INEXCO OIL COMPANY, et al., Plaintiffs,**

v.

**THOMPSON, ALEXANDER & CREWS, a Mississippi Partnership, et al., Defendants.**

**Civ. A. No. J84–0907(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 25, 1986.

Joshua J. Wiener, Jackson, Miss., for plaintiffs.

Richard M. Edmonson, Jackson, Miss., for defendants.

MEMORANDUM OPINION
AND ORDER

BARBOUR, District Judge.

This matter is before the Court on Plaintiffs' Motion and Defendants' Cross-Motion for Partial Summary Judgment. Although this diversity action is primarily based upon a claim of legal malpractice, alleging negligence and breach of contract in connection with a certain oil and gas title opinion prepared by one of the Defendants, the Motions now before this Court are concerned with Plaintiffs' claim for indemnity as to sums they expended in the defense and compromise of a state court action involving the validity of a mineral lease covering the property which was the subject of Defendants' title opinion. None of the Defendants herein were parties in the state court action involving the subject mineral lease.

Plaintiffs seek, in essence, a finding by this Court that Defendants, by reason of the above mentioned settlement, are now estopped in this action from asserting that the contested lease was in fact valid or that the Plaintiffs' settlement of the state court action was reasonable. The practical effect of granting Plaintiffs' Motion would be to relieve them of having to prove major elements of their claim. Plaintiffs contend that they are entitled to this relief by reason of their right to indemnification, that is, that an attorney by issuing a title opinion to a client indemnifies that client for any loss thereafter occurring to that client as a result of any undisclosed defect in the title. While such relief might be available to one who has established a right to indemnity, the Plaintiffs herein have entirely failed to establish that right.

As noted by Defendants in their cross-motion, the claim for indemnity in the circumstances of this action must fail under Mississippi law. The undisputed facts clearly show that the necessary prerequisites for indemnity have not been met. While Plaintiffs are alleging in this action that the Defendants are liable to them for negligence and breach of contract, there is nothing to show that Plaintiffs and Defendants shared any actual or potential liability to an injured third person. Under Mississippi law, a cause of action for non-contractual, implied indemnity arises only in favor of one who is secondarily liable by reason of indemnitor's primary liability to an injured party. *See, e.g., Alabama Great Southern Railroad Company v. Allied Chemical Corp.*, 501 F.2d 94 (5th Cir.1974) (applying Mississippi law). In the instant case, there is no allegation that Defendants had any liability whatsoever to anyone in the state court action which forms the basis for Plaintiffs' claim for indemnity.

Plaintiffs have persistently argued that their claim for indemnity is not to be characterized as a claim for "tort indemnity," thus requiring common liability, but they have entirely failed to put forth any other basis for their indemnity claim. This Court therefore holds that Plaintiffs' claim for indemnity must fail as a matter of law and that Defendants are entitled to judgment on that claim and that the cross-motion for partial summary judgment should be, and is, granted. The Court further finds that Plaintiffs' Motion for Partial Summary Judgment should be, and is, denied.